United States District Court
Southern District of Texas
**ENTERED**
August 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAVE/LOCK/PLUS II LLC, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3557 |
| | § § | |
| EROSION PREVENTION PRODUCTS LLC, *et al*, | § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is motion to sever and stay by the Third-Party Defendant TLC Trucking & Contracting LLC ("TLC"). (Doc. No. 51). The Defendant and Third-Party Plaintiff Erosion Prevention Products LLC ("EPP") has responded, (Doc. No. 59), TLC has replied (Doc. No. 65) and EPP has filed a sur-reply (Doc. No. 66). After considering the motion, briefing, and applicable law, the Court denies the motion.

### I.     Background

The Plaintiff Pave/Lock/Plus II LLC ("Paveloc") and Defendant EPP both design and construct "erosion prevention" systems. Put simply, the systems are made up of interlocking blocks and are used in retaining walls. EPP has a patent on its "Channel Lock Block" (U.S. Patent No. 8,123,435). In 2010, EPP contracted with Paveloc to manufacture the Channel Lock Block. According to EPP, when the business relationship soured, Paveloc began manufacturing a "knock off" of the Channel Lock Block using the molds that EPP had provided.

In 2020, Fort Bend County Levee Improvement District No. 2 opened a new project for bidding. It awarded the contract for the project to TLC, a general contractor providing contractor services on construction projects. TLC took bids from subcontractors for erosion prevention

1

blocks. Both Paveloc and EPP submitted bids. TLC accepted Paveloc's bid. According to EPP, Paveloc got the project by using the alleged knock off of EPP's Channel Lock Block.

Paveloc sued EPP for declaratory judgment of noninfringement. EPP countersued and joined TLC. EPP's claims are for: patent infringement; trade dress infringement and dilution; misappropriation; unfair competition; tortious interference; and unjust enrichment.[1] EPP has moved the Court to sever and stay the patent infringement claim against it, arguing that the "customer-suit" exception should apply. TLC opposes the motion.

## II.  Applicable Rules

The "customer-suit" exception is an exception to the first-to-file rule. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). "When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *Id.* The customer-suit exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* Even when the circumstances of the case differ from the traditional situation in which the customer-suit exception applies, "the same general principles govern" and the goal is "to facilitate just, convenient, efficient, and less expensive determination" of the claims. *Id.* In addition, "Rule 21, which authorizes a district court to 'sever any claim against a party,' provides a district court broad discretion." *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) (quoting Fed. R. Civ. P. 21).

## III.  Analysis

Here, TLC argues that the customer-suit exception should be applied to sever EPP's patent

---

[1] Both Paveloc and TLC have moved to dismiss most of the claims against them (*see* Doc. No. 80 & 82), and Paveloc has moved for summary judgment of noninfringement (*see* Doc. No. 58). Those motions will be resolved in due course.

2

infringement claim against it from all other claims, and then stay that severed case until the patent dispute between EPP and Paveloc is resolved. According to TLC, EPP's patent infringement claim against TLC is based solely on being a customer of Paveloc and subsequently selling the allegedly infringing blocks to Fort Bend County for use in the general contract. TLC argues that EPP's patent infringement claim against it rises or falls on EPP's patent infringement claim against Paveloc, so the claim should be severed and stayed pending the resolution of EPP's claim against Paveloc so that EPP need not participate in discovery and other pre-trial procedures on the patent infringement claim.

Even assuming that the customer-suit exception is applicable in this procedural posture, the Court disagrees that a severance and stay is appropriate. "[I]n those cases in which a customer suit exception has been held to favor the forum of the second-filed action, the second action would resolve all charges against the customers in the stayed suit, including liability for damages. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Here, there is only one action and it will already eventually resolve all charges against all the parties. There is therefore no danger of an inconsistent judgment as between the manufacturer and customer, which is one rationale for the customer-suit exception. *See In re VoIP-PAL.com, Inc.*, 845 Fed. Appx. 940, 943 (Fed. Cir. 2021). Moreover, EPP argues that its claim of patent infringement against TLC is not merely derivative of its claim against Paveloc. Accordingly, it is not clear that Paveloc is the sole "true defendant" in this case. *See In re Nintendo*, 756 F.3d at 1365. It may therefore be valuable that EPP's claim of patent infringement against TLC remains in the present action for discovery and other purposes. In these circumstances, a severance and stay would not "facilitate just, convenient, efficient, and less expensive determination" of the issues at hand. *Id.*

## IV.   Conclusion

For the foregoing reasons, TLC's motion to sever and stay (Doc. No. 51) is hereby denied without prejudice and may be re-urged should circumstances change. TLC also filed a motion to extend its time to serve its Rule 26(a) disclosures pending a ruling on the motion to sever and stay. Now that the Court has ruled on the motion to sever and stay, the motion to extend time (Doc. No. 62) is hereby denied as moot.

Signed at Houston, Texas, this 30th day of August, 2021.

_____
Andrew S. Hanen
United States District Judge
