United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAVE/LOCK/PLUS II LLC, § § Plaintiff, § VS. § EROSION PREVENTION PRODUCTS LLC, § *et al*, § § Defendants. § § § § | CIVIL ACTION NO. 4:20-CV-3557 |

## ORDER CONVERTING PLAINTIFF AND COUNTER-DEFENDANT'S MOTION TO DISMISS AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS TO MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court is Plaintiff and Counterclaim-Defendant Pave/Lock/Plus II LLC's ("Paveloc" or "Plaintiff") Partial Motion to Dismiss Defendant and Counterclaim-Plaintiff Erosion Prevention Products LLC's ("EPP" or "Defendant") counterclaims. (Doc. No. 80). Defendant responded in opposition (Doc. No. 86). Plaintiff filed a reply in support of its motion (Doc. No. 89), and Defendant subsequently filed a sur-reply (Doc. No. 97) in opposition. Also pending before the Court is Third-Party Defendant TLC Trucking & Contracting LLC's ("TLC" or "Third-Party Defendant") Partial Motion to Dismiss Defendant's counterclaims. (Doc. No. 82). Defendant responded in opposition (Doc. No. 87). TLC filed a reply in support of its motion (Doc. No. 90). For the reasons set forth, the Court denies the motions to dismiss without prejudice and converts each remaining motion to dismiss to a motion for summary judgment.

### I. Background

Plaintiff Paveloc and Defendant EPP both design and construct "erosion prevention" systems. Put simply, the systems are made up of interlocking blocks and are used in retaining walls. EPP has a patent on its "Channel Lock Block" (U.S. Patent No. 8,123,435). According to

the complaints, in 2010, EPP contracted with Paveloc to manufacture the Channel Lock Block. According to EPP, when the business relationship soured, Paveloc began manufacturing a "knock off" of the Channel Lock Block using the molds that EPP had provided.

In 2020, Fort Bend County Levee Improvement District No. 2 opened a new project for bidding. It awarded the contract for the project to Third-Party Defendant TLC, a general contractor providing contractor services on construction projects. TLC took bids from subcontractors for erosion prevention blocks. Both Paveloc and EPP submitted bids. TLC accepted Paveloc's bid. According to EPP, Paveloc got the project by using the alleged knock off of EPP's Channel Lock Block.

Paveloc sued EPP for declaratory judgment of noninfringement. EPP countersued and joined TLC. EPPs claims are for: patent infringement; trade dress infringement and dilution; misappropriation; unfair competition; tortious interference; and unjust enrichment.

## II. Legal Standard

A party may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp*, 477 U.S. at 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence

raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.　Analysis

When reviewing a 12(b)(6) motion to dismiss, "the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys.' Project Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). The Court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). However, if the district court converts the motion to dismiss into a motion for summary judgment, it "must give the parties, especially the non-movant, ample notice that it may consider 'extra-pleading material' that would convert the motion to a summary judgment." *Boateng v. BP, P.L.C.*, 779 F. App'x 217, 220 (5th Cir. 2019) (quoting *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016)). *See also* Fed R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Paveloc and TLC each seek dismissal of EPP's Second-Amended Counterclaims under Rule 12(b)(6) on the grounds EPP's purported trade dress does not qualify for trade dress protection because it includes functional features. In each of their respective Second Renewed Partial Motions to Dismiss, Paveloc and TLC attached materials outside the pleadings, including Exhibit #2 in each motion (Doc. Nos. 80 & 82). Therefore, the Court finds it appropriate to deny the motions to dismiss (Doc. Nos. 80 & 82) without prejudice and hereby converts both Plaintiff and Counterclaim-Defendant's Second Renewed Partial Motion to Dismiss and Third-Party Defendant's Second Renewed Partial Motion to Dismiss to motions for summary judgment.

## IV.  Conclusion

Both Paveloc's Second Renewed Partial Motion to Dismiss and TLC's Second Renewed Partial Motion to Dismiss are CONVERTED to motions for summary judgment. As a result, Paveloc and TLC will each have until October 15, 2021, to supplement their motions if they so desire. EPP will have until October 29, 2021, to supplement its response to each motion, if it so desires. Paveloc and TLC shall each have until November 5, 2021, to file a response, should they choose to do so.

Signed at Houston, Texas, this 28th day of September, 2021.

Andrew S. Hanen
United States District Judge