**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| PAVE/LOCK/PLUS II, LLC<br><br>Plaintiff,<br><br>v.<br><br>EROSION PREVENTION PRODUCTS LLC AND LEE A. SMITH<br><br>Defendants/Third Party Plaintiffs,<br><br>And<br><br>TLC TRUCKING & CONTRACTING, LLC d/b/a TLC CONSTRUCTION CONTRACT SERVICES<br><br>Third Party Defendant. | No. 4:20-cv-03557-ASH-FHS<br><br>**JURY TRIAL DEMANDED** |

**THIRD-PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC'S MOTION TO STRIKE UNTIMELY EXPERT REPORT OF W. DAVE DOUGLASS AND TO LIMIT TESTIMONY TO TIMELY DISCLOSED OPINIONS**

## I. SUMMARY

This is a patent infringement case. W. Dave Douglass is Third-Party Plaintiffs Erosion Prevention Products, LLC's and Lee A. Smith's (collectively "EPP") damages expert. Mr. Douglass has been a testifying expert for almost 20 years, and he estimates that 85 percent of his practice involved litigation matters - over 200 cases. After analyzing EPP's Third-Party Petition and the report of EPP's infringement expert (Douglas Deem), Mr. Douglass concluded in a series of three expert reports that there were no patent infringement damages (lost profits or reasonable royalty) chargeable against TLC. In his deposition, while under oath, Mr. Douglass confirmed that his analysis yielded no patent infringement damages against TLC. The day after his deposition (over a month after the scheduling order deadline for expert reports and on the last day of the

discovery period), Mr. Douglass issued another report, admitted that his deposition testimony was false and opined that patent infringement damages were chargeable against TLC. In this untimely disclosure, Mr. Douglass makes incredible claims and misrepresentations in an effort to resuscitate the patent infringement case against TLC, in part by blaming TLC for his complete about face. EPP cannot show good cause for its failure to properly disclose Mr. Douglass' expert opinions prior to the scheduling order deadline. In fact, EPP did not move to have the scheduling order modified as required by FED. R. CIV. P. 16(b)(4). Mr. Douglass' testimony should be limited to his timely disclosed opinions.

## II. UNDISPUTED FACTS

EPP filed its Third-Party Complaint alleging patent infringement against TLC almost two years ago on November 25, 2020. *See* EPP's Counterclaim and Third-Party Complaint [Dkt. No. 19]. Since that time, EPP knew that it carried the burden of proof on damages against TLC. The deadline for EPP to designate Mr. Douglass as an expert witness and to provide his expert report containing the information set forth in FED. R. CIV. P. 26(a)(2) was September 15, 2022. *See* Joint Fifth Amended Scheduling Order [Dkt. No. 152]. By agreement, the parties extended the expert disclosure deadline to September 19, 2022. [Dkt. No. 165]. Mr. Douglass timely served his expert report on September 19, 2022. *See* Ex. A, Expert Report of W. Dave Douglass ("Douglass Report"). In order to conduct his analysis, Mr. Douglass reviewed the Original Complaint, Second Amended Counterclaims and Third-Party Complaint and Third Amended Counterclaims and Third-Party Complaint. *See* Ex. A, Douglass Report at pp. 5 – 7; Ex. 2 (pg. 4). Additionally, Mr. Douglass relied upon the expert report of EPP's infringement expert Douglas M. Deem. *See id.* at p. 20; Ex. 2 (pg. 4.). Each of these documents alleged patent infringement against TLC. Mr. Douglass provided a Reply Report on October 4, 2022 (*See* Ex. B, Douglass Reply Report) and an

updated report the night prior to his deposition on October 19, 2022 (*See* Ex. C, Douglass First Updated Report). After reviewing all of these materials and authoring three separate reports, Mr. Douglass determined that patent infringement damages were not applicable to TLC. During his October 20, 2022 deposition, Mr. Douglass did not equivocate:

**Q· Okay.· So I think I understand from your prior testimony that there are three components of damages that you've figured here; is that correct?**
A· Yes.
**Q· Lost profits, reasonable royalty, and unjust enrichment, correct?**
A· Yes.
**Q· Have you figured a reasonable royalty amount of damages that EPP seeks against TLC?**
A· The only damages that would fit would -- for TLC would be unjust enrichment.
**Q· So as far as lost profits and reasonable royalty, those do not apply to TLC in your analysis?**
A· That is correct.
**Q· Okay.· So that -- and you testified earlier that unjust enrichment damages are not available in a patent suit, correct?**
A· Correct.
**Q· So if there is -- if the only claims left in this case when it sees the light of day are patent cases, then TLC doesn't need -- I'm sorry, patent claims, then TLC no longer needs to be a part of the suit insofar as it deals with damages?**
MR. HUFF:· Objection.
A· I looked at damages for TLC from the standpoint of unjust enrichment.
BY MR. DONOHUE:
**Q· Mm-hmm.**
A· Unjust enrichment is not a remedy under patent damages.

*See* Ex. D, Deposition of W. Davis Douglass at 59:21 – 60:24 (emphasis added). A careful reading of this testimony shows that Mr. Douglass readily volunteered that patent damages were not applicable to TLC. When asked if he calculated a reasonable royalty amount of damages applicable to TLC, Mr. Douglass immediately focused on unjust enrichment damages because patent damages were not in play according to his analysis.

In the 24 hours after his deposition, Mr. Douglass changed his opinions on damages. On October 21, 2022, the last day of the discovery period,[1] Mr. Douglass provided a Second Updated Report a month after the scheduling order's deadline for such reports. *See* Ex. E, October 21, 2022 Updated Expert Report of W. Dave Douglass ("Second Updated Report"). In this untimely report in which Mr. Douglass undermined his testimony from the day before, he alleged and calculated patent infringement damages against TLC for the first time. At this point in time, EPP's suit had been on file for almost two years, discovery was closing, two weeks remained until the dipositive motion deadline, and trial was merely 100 days away.

Mr. Douglass' Second Updated Report provided two explanations for his failure to calculate patent infringement damages against TLC. One explanation is a wholesale fabrication and misrepresentation; the other is simply not credible. First, Mr. Douglass makes a false statement: "For example, I received significant discovery on the date of this Report which has not yet been reviewed or analyzed." *See* Ex. E, Second Updated Report at p. 3 & fn. 1. There was no discovery served in the case on October 20 or 21, 2022. If Mr. Douglass did not receive discovery until October 20 or 21, it was because EPP's counsel had failed to provide it to him before the deadline for his expert report. Additionally, Mr. Douglass does not identify these discovery materials or explain how they caused him to do an about face on his TLC damages analysis.

Mr. Douglass' second explanation for his failure to calculate patent infringement damages against TLC is beyond belief. Mr. Douglass' Second Updated Report contains the following remarkable statement: "Prior to my deposition, my understanding was EPP did not have a patent infringement claim against TLC. However, after reviewing the Complaint, this understanding is incorrect." *See* Ex. E, Second Updated Report at ¶ 7. Mr. Douglass referenced the Complaint 11

[1] *See* Joint Fifth Amended Scheduling Order [Dkt. No. 152].

times in his September 19, 2022 report (the timely one) but claims that he was not aware this was a patent infringement case against TLC until after he was deposed. *See* Ex. A, Douglass Report at ¶¶ 14, 15, 16, 17, 18, 22, 23, Ex. 2 at p.2 & fns. 3 – 8, 13 – 14. That cannot be the case given the following:

The ***first numbered paragraph*** of EPP's current Third-Party Complaint reads:

**NATURE OF THE ACTION**

1. These counterclaims and third-party claims are for patent infringement arising under the patent laws of the United States, codified in Title 35 of the United States Code and for unfair competition under the Lanham Act, codified in Title 15 of the United

The first Count in EPP's current Third-Party Complaint reads:

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 8,123,435**

22. EPP incorporates the foregoing paragraphs of its Third Amended Counterclaim and Third-Party Complaint by reference as though fully set forth herein.

23. This action arises out of the infringement of the '435 Patent by both Paveloc and TLC. Both Paveloc's and TLC's acts of infringement have occurred within this state and within this judicial district.

24. Paveloc and TLC have infringed, and continue to infringe, either literally or under the doctrine of equivalents, the '435 Patent in the United States by making, using, selling and/or offering to sell products that are covered by one or more valid claims of the '435 Patent, including at least claims 1, 2, 3, 4, 6 and 7. More specifically, Paveloc has

Mr. Douglass' explanations for his failure to calculate patent damages weaken when considering that he relied upon Doug Deem's, EPP's infringement expert, expert report which alleged infringement on the part of TLC. *See* Ex. A, Douglass Report at p. 20; Ex. 2 (pg. 4.).

And finally, Mr. Douglass' claim of ignorance with respect to the patent claim against TLC is revealed as a complete sham by his original report. He himself explains that TLC infringed: "In this Matter, the first infringement would have taken place no later than in July 2020 when Pavelock submitted its Ditch E bid utilizing the allegedly infringing block." *See id.* at ¶ 42. The preceding sentence contains a footnote, which states: "Followed by TLC incorporating and including Paveloc's bid in its own bid." *See id.* at ¶ 42 & fn. 33. Mr. Douglass explained EPP's theory of TLC's infringement in his initial report but did not believe it warranted a calculation of damages. Someone or something (yet to be identified) convinced Mr. Douglass to change his stance only after his deposition. Mr. Douglass' claim that he was not aware this was a patent case against TLC cannot be the truth.

## III. ARGUMENTS AND AUTHORITIES

### A. EPP CANNOT SHOW GOOD CAUSE TO MODIFY THE SCHEDULING ORDER AND TO EXCUSE ITS FAILURE TO TIMELY DESIGNATE MR. DOUGLASS.

EPP failed to properly designate Mr. Douglass as an expert witness prior to the scheduling order deadline. By serving Mr. Douglass' Second Updated Report after the scheduling order deadline, EPP sought a *de facto* modification of the Joint Fifth Amended Scheduling Order. District courts are given broad discretion under Rule 16(b) to enforce the deadlines in their scheduling orders. *See Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020). "We will not lightly disturb a court's enforcement of those deadlines." *See id.* (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). In order to modify a scheduling order, the party seeking the modification must show good cause and obtain the Court's consent. *See* FED. R. CIV. P. 16(b)(4); *S & W Enters., LLC v. SouthTrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Inc. Co. v. Louisiana Land and Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997). "Mere inadvertence" on the part of the party who missed the scheduling order deadline is "insufficient to

constitute good cause."[2] *See Am. Tourmaline Fields v. Int'l Paper Co.,* 1998 WL 8874825, at *1 (N.D. Tex. Dec. 7, 1998) (citing *Geiserman* 893 F.2d at 791.) The Fifth Circuit employs a four-part test to ascertain whether a district court is justified in refusing to modify its scheduling order and allow untimely designation of experts. *See id.* The elements of that test are: 1) the explanation for the failure to timely submit a complete report; 2) the importance of the testimony; 3) potential prejudice in allowing the testimony; and 4) the availability of a continuance to cure such prejudice. *See id.; Reliance Inc. Co.*, 110 F.3d at 257. Good cause requires a party "to show that the deadlines cannot be reasonably be met despite the diligence of the party needing the extension." *See Fahim v. Marriot Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting 6A CHARLES ALAN WRIGHT et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

**1. EPP's Explanation for its Failure to Timely Designate Mr. Douglass is an Example of Supreme Inadvertence and a Complete Lack of Diligence.**

EPP's excuse for failing to timely designate Mr. Douglass is that Mr. Douglass did not adequately read the lawsuit drafted by EPP's lawyers or that upon reading the Complaint, Mr. Douglass did not have the skill or capability to determine that this case involved patent infringement claims against TLC. EPP brought patent infringement claims against TLC almost two years ago on November 25, 2020. *See* EPP's Counterclaim and Third-Party Complaint [Dkt. No. 19]. From that point in time, EPP knew that it would have the burden of proving damages. EPP hired a damages expert with almost 20 years of experience at a rate of $595 who has worked on over 200 litigation matters. *See* Ex. A, Douglass Report at ¶ 2, Ex. 1. Mr. Douglass referenced the Complaint 11 times in his original report, identified TLC's purported infringement, and relied upon EPP's infringement expert's report. Armed with this knowledge, Mr. Douglass determined

[2] These authorities and arguments are identical to those advanced by EPP in its opposition to TLC and Paveloc's Motion for Leave to Amend.

that the only measure of damages applicable to TLC were for unjust enrichment based on EPP's state law claims (*See* Erosion Prevention Products LLC's Third Amended Counterclaims and Third-Party Complaint at Counts 2 – 5 [Dkt No. 163]) rather than patent infringement. Mr. Douglass has provided no credible explanation for his failure to timely calculate patent damages against TLC. The proffered excuse goes beyond inadvertence. With respect to the level of diligence employed by Mr. Douglass on behalf of EPP, it is difficult to imagine a lower level of diligence than failing to read the lawsuit forming the basis of your analysis. This factor weighs heavily in favor of not allowing Mr. Douglass' untimely opinions on damages.

**2. The Importance of the Testimony Underscores the Need for a Timely Designation of Mr. Douglass' Opinions.**

The Fifth Circuit has recently held that when expert testimony is important, it "underscores the need for [a party] to have timely designated [an] expert witness." *See Batiste*, 976 F.3d at 501 (quoting *Geiserman* 893 F.2d at 792). Moreover, this factor cannot "singularly override" the district court's enforcement of its scheduling order. *See Batiste*, 976 F.3d at 501 (quoting *Geiserman* 893 F.2d at 792). This factor also weighs in favor of excluding Mr. Douglass' untimely damages analysis with respect to TLC.

**3. The Potential Prejudice.**

The prejudice to TLC from Mr. Douglass' failure to read EPP's lawsuit is best embodied by reference to his original report. In Mr. Douglass' timely report, he conducts an analysis of the 15 *Georgia Pacific* factors to calculate a reasonable royalty. *See* Ex. A, Douglass Report at pp. 12 – 23. Mr. Douglass' analysis focused solely on Paveloc and failed to consider TLC as a potential licensee whatsoever in the calculation. *See id.* TLC had no reason to offer rebuttal expert opinions on the patent damages, including the application of the 15 *Georgia Pacific* factors. This fact is embodied by the work of TLC's damages expert Ryan Lamotta. With respect to Mr. LaMotta's

rebuttal expert report, it is obvious that his focus with respect to TLC was for unjust enrichment damages based on EPP's state law claims. *See* Ex. F, Rebuttal Expert Report of Ryan Lamotta at pp. 11 – 12. Mr. Douglass' untimely report now purports to contain a reasonable royalty calculation as it pertains to TLC. *See* Ex. E, Second Updated Report at ¶ 7. Discovery closed on the very day EPP served Mr. Douglass' Second Updated Report, and TLC is precluded from offering its own rebuttal expert testimony on Mr. Douglass' new theory that patent damages are now chargeable against TLC. Additionally, TLC would have to depose Mr. Douglass again. The Fifth Circuit has ruled that a second deposition alone constitutes prejudice. *See Batiste*, 976 F.3d at 501. This factor weighs heavily in favor of enforcing the scheduling order and limiting Mr. Douglass' testimony to the opinions he disclosed timely.

**4. The Availability of a Continuance.**

Trial of this matter starts in 90 days. *See* Joint Fifth Amended Scheduling Order [Dkt. No. 152]. Realistically, reopening expert discovery will impact the dispositive motion deadline and the current trial date. Moreover, EPP has not yet sought a modification of the scheduling order as required, much less a continuance. EPP and its expert displayed a complete lack of diligence in failing to properly disclose Mr. Douglass' opinions. EPP should not be rewarded with a continuance and a second bite at the infringement damages apple.

Each of the four factors to be considered by the Court, heavily weigh in favor of striking Mr. Douglass' untimely opinions related to patent damages assessed against TLC.

## IV. CONCLUSION

EPP first disclosed its expert's opinion on patent damages aimed at TLC a month after the scheduling order deadline and on the final day of the discovery period. EPP failed to move the Court for an order modifying the scheduling order, likely because EPP knew that it could not

satisfy the good cause standard. Instead, EPP proceeded as if it had no duty to remedy its expert's gross inadvertence and lack of diligence. The four factors the Court should consider in striking Mr. Douglass' untimely opinions all weigh heavily in the favor of TLC. EPP cannot provide any credible or persuasive explanation for its failure to properly disclose Mr. Douglass' opinions with respect to patent infringement damages against TLC. If Mr. Douglass' opinions on patent infringement damages are important, that should have signaled to EPP that timely disclosure was paramount. TLC has been prejudiced by EPP's inadvertence and lack of diligence. A continuance should not be EPP's reward for its expert's failure to read EPP's lawsuit. TLC requests that Mr. Douglass' Second Updated Report be stricken and that Mr. Douglass be precluded from testifying about patent infringement damages against TLC.

Respectfully submitted,

By: *<u>/s/Barry A. Moscowitz</u>*

**Barry A. Moscowitz**
Texas State Bar No. 24004830
Southern District Bar No. 31054
**Todd C. Donohue**
Texas State Bar No. 24026808
Southern District Bar No. 1097836
**Benjamin Hunt**
Texas State Bar No. 24127307
Southern District Bar No. 3778736

THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: bmoscowitz@thompsoncoe.com
E-mail: tdonohue@thompsoncoe.com
E-mail: bhunt@thompsoncoe.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I caused the foregoing to be electronically served to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*<u>/s/ Todd C. Donohue</u>*
Todd C. Donohue