**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| PAVE/LOCK/PLUS II, LLC<br><br>Plaintiff,<br><br>v.<br><br>EROSION PREVENTION PRODUCTS LLC AND LEE A. SMITH<br>Defendants,<br><br>and<br><br>TLC TRUCKING & CONTRACTING, LLC d/b/a TLC CONSTRUCTION CONTRACT SERVICES<br>Third Party Defendant. | No. 4:20-cv-03557-ASH-FHS<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF AND COUNTER-DEFENDANT PAVE/LOCK/PLUS II, LLC AND THIRD PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC'S *DAUBERT* MOTION TO EXCLUDE THE INVALIDITY OPINIONS AND TESTIMONY OF ANDREA H. EVANS**

Pursuant to Federal Rule of Evidence 702, Plaintiff and Counter-Defendant Pave/Lock/Plus II, LLC ("Paveloc") and Third Party Defendant TLC Trucking & Contracting, LLC ("TLC") hereby moves to exclude the invalidity opinions and testimony of Defendants Erosion Prevention Products LLC and Lee A. Smith's (collectively, "EPP") expert Andrea H. Evans, Esq.

## I. STATEMENT OF THE ISSUES & SUMMARY OF THE ARGUMENT

Resolution of this motion requires determining whether Ms. Evans should be permitted to offer expert testimony and opinions regarding validity of the asserted patent claims in this matter.

Ms. Evans' opinions fail under applicable legal standards because Ms. Evans is not a person of ordinary skill in the art (a "POSITA") with respect to the U.S. Patent No. 8,123,435 (the "'435 Patent"), which is a prerequisite for an expert to testify on validity. *Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369, 1376-1377 (Fed. Cir. 2022). Additionally, Ms. Evans' methodology is unreliable and insufficiently tied to the facts of the case. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–597 (1993)

## II. NATURE & STAGE OF THE PROCEEDINGS

This is a patent infringement case. EPP served Ms. Evans' rebuttal report on invalidity on October 4, 2022. Ex. A, Invalidity Report. On October 24, 2022, Paveloc deposed Ms. Evans regarding the Invalidity Report. Ex. B, Evans deposition.

## III. *DAUBERT* STANDARD

Under Federal Rule of Evidence 702, an expert may testify only when "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the

testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Trial courts must play the role of gatekeeper to ensure that expert testimony is relevant to the questions to be answered by the jury and that testimony is based on a reliable foundation. *Daubert*, 509 U.S. at 590–597. "To offer expert testimony from the perspective of a skilled artisan in a patent case—like for claim construction, validity, or infringement—a witness must at least have ordinary skill in the art." *Kyocera Senco*, 22 F.4th at 1376-1377.

Additionally, "[d]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting Fed. R. Evid. 702). In the absence of such assurance, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Elder v. Tanner*, 205 F.R.D. 190, 193 (E.D. Tex. 2001) (quoting *Wilson*, 163 F.3d at 937). In fact, "before an expert may testify at trial, he or she must demonstrate, among other things, that the expert's testimony is relevant." *Id.* (citing *Daubert*, 509 U.S. at 590-595). An expert's testimony is relevant only "if it assists the trier of fact in determining the case." *Id.* at 193-194 (citing *Daubert*, 509 U.S. at 590-595).

## IV. ARGUMENT

Ms. Evans' opinions and testimony regarding validity should be excluded because she is not a POSITA with respect to the '435 Patent, not today and certainly not at the time of the purported invention. Further, Ms. Evans' testimony would not be helpful to the jury because her methodology is unreliable and not sufficiently tied to the facts of this case.

### A. <u>Ms. Evans is not a POSITA</u>

Ms. Evans' qualifications fall short of the level of ordinary skill that a POSITA would have

in this case. One of EPP's other proposed experts, Mr. Douglas Deem, has opined that a POSITA would "typically have at least a B.S. Degree plus at least three (3) years of experience with erosion control/revetment technology development or at least five years of experience with erosion control/revetment technology development without an undergraduate degree." Ex. C, Expert Report of Douglas M. Deem served Sept. 19, 2022, p. 10. Likewise, Paveloc's expert on invalidity, Mr. Dan B. Bullock, also opined as to the level of skill:

> In my opinion, a POSITA in the relevant field relating to the '435 Patent, in February 2009, would have had at least a bachelor's degree in civil or mechanical engineering, or an equivalent field, as well as at least two years of industry experience in surface hydrology, erosion prevention, and/or related endeavors. Otherwise, a person of ordinary skill could have had an equivalent combination of academic study and work experience. Further, significant work experience could substitute for academic study.

Ex. D, Expert Report of Dan B. Bullock, P.E., pp. 8-9. While there is some difference in the levels expressed, there is no dispute that a POSITA would have a bachelor's degree plus several years of industry work experience, or significant industry work experience in the absence of a degree.[1]

Ms. Evans has no such experience, and she admits it. Ms. Evans' purported role is not as an expert in cement blocks, but "as an expert to testify on my former role and what to expect as a patent examiner and the validity of the patent at issue and the interactions between a patent examiner and attorney." Ex. B, Evans deposition, 14:23-15:7. The specialized knowledge she purports to offer has nothing to do with cement blocks, but is instead based on her "educational background and work experience as a former patent and trademark examiner and a licensed patent attorney." Ex. A, Invalidity Report, p. 1; Ex. B, Evans deposition, 12:21-13:7.

Ms. Evans' only work experience in connection with cement blocks was a summer

[1] Given the chance, Ms. Evans could not even articulate what she thought the requisite level of skill would be, and stated that she did not think she needed to identify the level of skill required for this case. Ex. B, Evans deposition, 20:15-21:23.

internship lasting three months. Ex. B, 16:10-17:25. Indeed, Ms. Evans admits that she is not an expert in forming concrete blocks. *Id*. at 52:21-53:3. In sum, she does not have any real work experience in the relevant industry.

The type of specialized skill Ms. Evans offers—experience as a patent examiner and subsequent practice as a patent attorney[2]—does not qualify her to offer expert testimony from the perspective of a POSITA, which is required for expert testimony regarding validity. *Kyocera Senco*, 22 F.4th at 1376-77.

Simply put, Ms. Evans is not a POSITA and is not even claiming to be one. Accordingly, she should be precluded from offering any expert testimony on validity.

**B. Ms. Evans' Methodology is Unreliable and Not Tied to the Facts of the Case**

Ms. Evans testimony should be also excluded because her methodology is unreliable and not sufficiently tied to the facts of this case. Specifically, Ms. Evans is unable to analyze the prior art relative to the claims at issue in this case.

For example, Ms. Evans is unable to determine whether holes in concrete blocks are the "same" or "not the same," a core issue in this matter. When questioned about a prior art reference, U.S. Patent No. 4,370,075 to *Scales*, Ms. Evans was unable to determine whether the holes in the disclosed block were the same size or not, because the reference itself did not explicitly specify. Ex. B, 72:3-17. Ms. Evans provided similar testimony in connection with another prior art reference, U.S. Patent No. 6,579,038 to *McAllister*, explaining: "I can't say it because they didn't say it." *Id.* at 89:13-19; more generally at 86:9-91:13. She even admitted that she does not have an opinion as to whether certain holes in the *McAllister* block were the same size. *Id.* at 90:25-

[2] It is not clear that Ms. Evans would be qualified to testify as to patent law issues, either. For example, when given the chance, she was unable to comment on the applicability of the doctrine of equivalents in this case. Ex. B. 80:23-81:25.

91:13. Likewise, Ms. Evans testified that she would not know how to determine whether the holes in a real-life, installed block were the same size or not, and would have to ask others or "look at the instructions." *Id.* at 72:18-73:4.

As another example (and as already noted above), Ms. Evans does not offer any expertise regarding how cement blocks are made. *Id.* at 52:21-53:3. In fact, Ms. Evans testified that a POSITA would not even know how to make a block such as that disclosed in *Scales*. *Id.* at 64:14-23.

In sum, Ms. Evans has no understanding as to the teachings of the prior art other than what is already expressly written. Accordingly, her methodology is flawed and detached from the facts of the case. Her opinions on validity would not be helpful for the jury and should be excluded. *Daubert*, 506 U.S. at 590-97.

## V. CONCLUSION

Based on the foregoing reasons, Paveloc and TLC respectfully ask the Court to grant this motion and exclude Ms. Evans' opinions and testimony regarding validity of the asserted claims of the '435 Patent.

Dated: November 4, 2022

Respectfully submitted,

Patterson + Sheridan LLP

By: */s/ Craig V. Depew*

B. Todd Patterson
Attorney In Charge
Texas Bar No. 00783605
SDTX Fed. ID. No. 17583
tpatterson@pattersonsheridan.com

John A. Yates
Texas Bar No. 24056569
SDTX Fed. ID No. 1086753

jyates@pattersonsheridan.com

Kyrie K. Cameron
Texas Bar No. 24097450
SDTX Fed. ID No. 3528921
kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar. No. 24092431
SDTX Fed. ID No. 3607002
egonzalez@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel.): 713-623-4844
(Fax): 713-623-4846

*Attorneys for Plaintiff,*
*Pave/Lock/Plus II, LLC*

*<u>/s/Barry A. Moscowitz (with permission)</u>*

Barry A. Moscowitz, Attorney-In-Charge
State Bar No. 24004830
Southern District Bar No. 31054
Todd C. Donohue
State Bar No. 24026808
Southern District Bar No. 1097836
Benjamin Hunt
State Bar No. 24127307
Southern District Bar No. 3778736

THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: bmoscowitz@thompsoncoe.com
E-mail: tdonohue@thompsoncoe.com
E-mail: bhunt@thompsoncoe.com

ATTORNEYS FOR THIRD-PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC

## CERTIFICATE OF CONFERENCE

Before filing this Motion the undersigned conferred with counsel for EPP and could not reach an agreement obviating the need for this filing.

*/s/ Craig V. Depew*
Craig Depew

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I caused the foregoing to be electronically served to all counsel of record.

*/s/ Craig V. Depew*
Craig Depew