**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PAVE/LOCK/PLUS II, LLC, | § | |
| | § | CIVIL ACTION NO. 4:20-cv-3557-ASH |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| EROSION PREVENTION | § | |
| PRODUCTS LLC AND LEE A. SMITH, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| TLC TRUCKING & CONTRACTING, | § | |
| LLC, D/B/A TLC CONSTRUCTION | § | |
| CONTRACT SERVICES, | § | |
| | § | |
| Third-Party Defendant. | § | |

---

**DEFENDANT EROSION PREVENTION PRODUCTS LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT PAVE/LOCK/PLUS II, LLC AND THIRD-PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC'S DAUBERT MOTION TO EXCLUDE THE INVALIDITY OPINIONS AND TESTIMONY OF ANDREA H. EVANS**

---

Defendants Erosion Prevention Products LLC and Lee A. Smith (collectively, "EPP") file this Response in Opposition to Plaintiff and Counter-Defendant Pave/Lock/Plus II, LLC ("Paveloc") and Third-Part Defendant TLC Trucking & Contracting, LLC's ("TLC") Daubert Motion to Exclude the Invalidity Opinions and Testimony of Andrea H. Evans ("Motion"), Dkt. No. 189.

## I. <u>INTRODUCTION</u>

Paveloc and TLC seek to preclude Andrea H. Evans's ("Evans") invalidity opinions that depend on what a person of ordinary skill in the relevant art would have considered obvious or what such a person would have understood from reading the patent at issue. Paveloc and TLC contend that Evans is not a person of ordinary skill in the art and thus is not qualified to testify as to what such a person would have understood from reading the patent. Specifically, Paveloc and TLC ask the Court to find that Evans is not a person of ordinary skill in the revetment block art and exclude Evans's opinions and testimony regarding the validity of the asserted claims of the '435 Patent.

Focusing on the facts rather than on Paveloc and TLC's erroneous rhetoric, it is clear that by virtue of her knowledge, skill, experience, training, and education as a former patent examiner, Evans is well-qualified as an expert in the subject matter at issue in this case, her opinions will assist the trier of fact, and she should be allowed to testify. *See* Fed. R. Evid. 702. First, regarding their baseless attack on Evans as allegedly not being a person of ordinary skill in the art ("POSITA"), Paveloc and TLC only consider the substantial personal experience that Evans has had with the revetment block technologies at issue in this case at the relevant time period, ignoring Evans's civil engineering background and legal background and Evans's substantial award-winning experience as a former USPTO patent examiner. Second, Paveloc and TLC falsely allege

Evans's invalidity methodology is unreliable and is not tied to the facts of the case. Here, Paveloc and TLC's argument deliberately takes Evans's statements out of context, ignores Evans's invalidity analysis, and misstates Evans's testimony. Third, Evans's report and testimony are relevant to the trier of fact in assisting with the patent validity analysis and are reliable because Evans details exactly how she conducted her validity analysis and the factors and methodology upon which she based her analysis.

For the reasons articulated more fully below, Paveloc and TLC's Motion based on Evans's expertise and methodology should be denied in its entirety.

## II. LEGAL STANDARD

Under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), expert testimony is admissible only if the proponent demonstrates that (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *Robinson v. Ethicon, Inc. et al*, 588 F.Supp.3d 726, 117 Fed. R. Evid. Serv. 1736 (S.D. Tex. 2022)(citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)); *see also Chrastecky v. C. R. Bard, Inc.*, 2020 U.S. Dist. LEXIS 25837, at *6 (W.D. Tex. Feb. 14, 2020); *Protradenet, LLC v. Predictive Profiles, Inc.,* 2019 U.S. Dist. LEXIS 210737, at *6 (W.D. Tex. Oct. 11, 2019).

The focus of a Daubert inquiry is the validity and thus evidentiary relevance and reliability of the principles that underlie a proposed submission. *Wealthmark Advs. Inc. v. Phoenix Life Ins. Co.*, 2017 U.S. Dist. LEXIS 42978, at *7 (W.D. Tex. Mar. 24, 2017) (internal citations and quotation marks omitted). Furthermore, it is not necessary that the proponent of expert testimony prove that the expert's testimony is correct but rather that the expert testimony is reliable. *Id.* (citing *Moore*, 151 F.3d at 276).

More often than not, upon reviewing an experts qualifications, reliability, and admissibility, the rejection of expert testimony is the exception rather than the rule. *Wealthmark*, 2017 U.S. Dist. LEXIS 42978, at *8 (W.D. Tex. Mar. 24, 2017) (quoting Fed. R. Evid. 702, Adv. Comm. Notes (2000)). The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Rule 702's inquiry is "a flexible one," *Daubert*, 509 U.S. at 594, left to the sound discretion of the trial court. *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008) (quoting *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991)); *see also* Fed. R. Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness . . . shall be determined by the court."). The party attempting to introduce the expert's testimony into evidence ("the proponent") has the burden of proving the individual's qualifications under Rule 702 by a preponderance of the evidence. *See* Fed. R. Evid. 702, Adv. Comm. Notes for 2000 Ams. (citing *Bourjaily v. United States*, 483 U.S. 171, 175, 178–79 (1987)).

In addition to ensuring that an expert is qualified under Rule 702, the Court must also ensure that the expert's testimony is reliable and relevant. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (the role of the court is to act as a "gatekeeper," in order to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant" to the proceedings); *see Daubert*, 509 U.S. at 597; *see also Dairyland*, 2008 WL 5122339 at *10; *Banks v. United States*,

78 Fed. Cl. 603, 618 (2007).

## III. ARGUMENT

### A. Evans is Easily A Person of Ordinary Skill In the Art

Despite Paveloc and TLC's proclamations to the contrary, Evans's qualifications and experience easily make her a POSITA. As an initial matter, Evans's educational background, a Bachelor of Science in Mathematics and a Bachelor of Science in Civil Engineering (with a specialization in Environmental Engineering), indisputably meets the qualifications of a POSITA. Evans testified she studied erosion control principles during her civil engineering studies. Evans Dep. 14:11–15. Moreover, Evans worked on several projects involving concrete blocks, has familiarity with using molds to manufacture concrete blocks, and has years of experience analyzing and evaluating the sufficiency of patents in her role as a patent examiner. Indeed, the technology here is not so advanced that someone with Evans's impeccable background could not readily learn the technology at issue here. In general, [t]he standard for qualifying expert witnesses is fairly liberal; the witness need not have specialized expertise in the area directly pertinent to the issue in question if the witness has qualifications in the general field related to the subject matter in question. *Guzman v. Mem'l Hermann Hosp. Sys.*, 2008 U.S. Dist. LEXIS 101781, at *48 (S.D. Tex. Dec. 17, 2008).

Notwithstanding Evans's clearly relevant background, Paveloc and TLC argue that Evans's qualifications fall short of a POSITA. Mot. 2 [Dkt. No. 189]. A POSITA "is a theoretical construct. It is a person who is presumed to be aware of all the pertinent prior art and who possesses all the skills, experience, and education commensurate with the sophistication of the particular technology." *Mud Buddy, LLC v. Gator Tail, LLC*, 2012 WL 2595061, at *2 (D. Utah July 5, 2012); Patent Law, Legal and Economic Principles § 5.8 (2d ed.) (A POSITA "is a designer of

products or processes who is familiar with the prior art, the demands known to the design community or present in the marketplace, and possessing the background knowledge of an ordinary designer . . . Such a person is more skilled in the pertinent art than a layman and less skilled than persons of extraordinary skill in the pertinent art."). Here, with her educational background, prior work experience, and experience as a former patent examiner, Evans easily possesses the skills, experience, and education commensurate with the sophistication of concrete block technology. Indeed, the Federal Circuit stated that generally "patent examiners are deemed to have experience in the field of the invention." *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002) (holding the examiner is presumed to act from the viewpoint of a POSITA). This is particularly true when analyzed with the scope of Evans's engagement, namely, to opine on the validity analysis offered by Paveloc and TLC's expert.

The crux of Paveloc and TLC's issue with Evans stems from her purported lack of work experience with concrete blocks. In questioning Evans's qualifications, Paveloc and TLC tacitly argue that an expert witness be "a member of a particular profession," in order for her to be deemed qualified. Yet, it is generally not necessary for an individual to be "a specialist in a particular branch of a discipline or profession." Kenneth S. Broun, McCormick on Evidence § 13 (6th ed. 2006).

Additionally, the degree of Evan's work experience in a particular branch of a discipline goes to the weight of her testimony as opposed to her admissibility. Indeed, the court has the discretion to adopt the legal opinion as its own, find guidance from it, or disregard it completely. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995). Challenges to "the extent of an expert's specialized knowledge in a field" will ordinarily be relevant only to "the weight of the expert's testimony, not to its admissibility." *Raytheon*, 2009 WL 1373959 at *1 (first

citing *DaSilva v. Am. Brands, Inc.*, 845 F.2d 356, 361 (1st Cir. 1988); and then citing *Pineda*, 520 F.3d at 245–46). Accordingly, "[i]f an expert is qualified to testify about a subject generally and has had training in the subject matter at issue (which Evans has through her engineering studies and experience as a patent examiner), then the expert may offer an opinion." *Raytheon Co. v. United States*, 2009 WL 1373959, at *1 (Fed. Cl. May 13, 2009) (citing *Pineda v. Ford Motor Co.*, 520 F.3d 237, 245 (3d Cir. 2008)); *see Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (2d Cir. 1996) (noting a "liberal approach to admitting expert testimony" and holding that such testimony may be admissible even where the individual is not the best qualified professional available. Rule 702's language and the accompanying advisory notes make clear that various kinds of 'knowledge, skill, experience, training, or education' qualify an expert as such."); *see also Dairyland Power Coop. v. United States*, 2008 WL 5122339, at *10 (Fed. Cl. June 20, 2008) ("An expert need only be qualified and need not be the best and the brightest for the testimony to be admissible.").

In view of the foregoing, Evans easily meets the qualifications of a POSITA for the technology at issue in this case and as such, she should be permitted to offer her expert testimony on validity.

**B. Evans followed proper principles and methodology to rebut the invalidity opinion offered by Bullock.**

The methodologies employed by Evans to rebut Paveloc and TLC's invalidity expert's opinions are reliable and are tied to the facts of this case. As discussed above, Evans was engaged to rebut the obviousness analysis performed by Paveloc and TLC's invalidity expert, Daniel Bullock. Evans analyzed the invalidity opinions of Paveloc and TLC's expert in accordance with the procedures established by the USPTO. Evans Dep. 20:3–4. Specifically, Evans analyzed Paveloc and TLC's expert's reasoning for combining certain references and opinion that the

combination renders the ‘435 Patent obvious. Evans also opined on Paveloc and TLC’s expert’s lack of any opinion on the motivation to combine certain references. Evans applied her experience as a former patent examiner to analyze the Paveloc and TLC expert report under the obviousness assessment guidelines provided by the USPTO. There is nothing unreliable about this analysis.[1]

The Court need not determine that the expert testimony represents incontrovertible, iron-clad proof of the position asserted, but merely that the contentions rest on “good grounds.” *See Liquid Dynamics v. Vaughn Co., Inc.*, 449 F.3d 1209, 1221 (Fed. Cir. 2006) (quoting *In re TMI Litig.*, 193 F.3d 613, 692 (3d Cir. 1999)). Once the court is satisfied that such grounds exist, the expert’s testimony should be admitted into evidence and “tested by the adversary process.” *Id.* Here, because Evans applied sound, acceptable methodologies in analyzing Paveloc and TLC’s expert’s opinions, the methodologies are reliable and useful in aiding the trier of fact in accessing the validity of the ‘435 Patent. Accordingly, Evans’s opinions and testimony should be allowed in this case.

## IV. CONCLUSION

In view of the foregoing, Defendants Erosion Prevention Products and Lee A. Smith respectfully request that the Court deny the Motion, Dkt. No. 189, to Exclude the Invalidity Opinions and Testimony of Andrea Evans in its entirety and grant Defendants any such other relief the Court deems necessary and proper.

---

[1] As a former patent examiner with a background in civil engineering (with an emphasis in environmental engineering), Evans is uniquely qualified to perform the task for which she was engaged. As a former patent examiner, her testimony is relevant to the “reasonable patent examiner” standard, as applied to the materiality of undisclosed prior art. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002) (holding the examiner is presumed to act from the viewpoint of a POSITA).

Dated: December 2, 2022

Respectfully submitted,

By: /s/ *Steven N. Williams*
Steven N. Williams
Texas State Bar No. 21577625
swilliams@munsch.com
Winston O. Huff
Texas State Bar No. 24068745
whuff@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

Robert Hancock
Texas State Bar No. 24036719
rhancock@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
700 Milam Street
Houston, TX
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

**ATTORNEYS FOR DEFENDANTS EROSION PREVENTION PRODUCTS AND LEE A. SMITH**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the foregoing document, Response in Opposition to Plaintiff and Counter-Defendant Pave/Lock/Plus II, LLC and Third-Part Defendant TLC Trucking & Contracting, LLC's Daubert Motion to Exclude the Invalidity Opinions and Testimony of Andrea H. Evans via electronic mail on December 2, 2022 through the Court's electronic filing system.

/s/ *Winston O. Huff*
Winston O. Huff