**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| PAVE/LOCK/PLUS II, LLC<br><br>Plaintiff,<br><br>v.<br><br>EROSION PREVENTION PRODUCTS LLC AND LEE A. SMITH<br>Defendants,<br><br>and<br><br>TLC TRUCKING & CONTRACTING, LLC d/b/a TLC CONSTRUCTION CONTRACT SERVICES<br>Third Party Defendant. | No. 4:20-cv-03557-ASH-FHS<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF AND COUNTER-DEFENDANT PAVE/LOCK/PLUS II, LLC AND THIRD PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC'S REPLY IN SUPPORT OF THEIR *DAUBERT* MOTION TO EXCLUDE THE INVALIDITY OPINIONS AND TESTIMONY OF ANDREA H. EVANS**

Plaintiff and Counter-Defendant Pave/Lock/Plus II, LLC ("Paveloc") and Third Party Defendant TLC Trucking & Contracting, LLC ("TLC") file this Reply to Defendants Erosion Prevention Products LLC and Lee A. Smith's ("EPP") Response (Dkt. 209) to the *Daubert* Motion to Exclude the Invalidity Opinions and Testimony of Andrea H. Evans (the "Evans *Daubert* Motion," Dkt. 189).

## I. STATEMENT OF THE ISSUES & SUMMARY OF THE ARGUMENT

The issue to be resolved in the Evans *Daubert* Motion is whether Ms. Evans is qualified as a person of ordinary skill in the art ("POSITA") in the technology related to the asserted U.S. Patent No. 8,123,435 (the "'435 Patent"). She is not and should therefore be barred from offering opinion testimony regarding invalidity. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1359-65 (Fed. Cir. 2008) (abuse of discretion to allow patent law expert with no pertinent technical expertise to testify on issues of invalidity and infringement).

## II. ARGUMENT

Ms. Evans does not have the expertise of a POSITA with respect to the '435 Patent, as demonstrated by (1) her lack of qualifications, and (2) her inability to apply claim terms to the prior art. In its response, EPP offers attorney arguments and misleading case law, but no evidence to suggest that Ms. Evans' testimony would be admissible under the *Daubert* and Rule 702 standards applicable to this patent infringement action.

### A. <u>Ms. Evans is not a POSITA</u>

As noted in the Evans *Daubert* Motion (Dkt. 189, p. 3), there is no dispute that a POSITA would have a bachelor's degree plus several years of work experience in the field of revetment blocks for erosion control, or significant industry work experience in the absence of a degree. Ms. Evans has no such experience. EPP tries to overcome Ms. Evans' lack of qualifications with

three flawed arguments.

First, EPP alleges that Ms. Evans "worked on several projects involving concrete blocks [and] has familiarity with using molds to manufacture concrete blocks." Dkt. 209, EPP Response, p. 5. However, EPP cannot point to anything in Ms. Evans' report or her deposition testimony showing such work experience, let alone demonstrating *expertise* in the field.

In fact, contrary to EPP's attorney argument, Ms. Evans' testimony is clear that she is not an expert in the field:

> **Q. Do you have any expertise in forming concrete blocks using mold techniques?**
>
> A. No. I don't have any expertise doing it. I'm not an expert in this, but I'm familiar with the subject matter.
>
> **Q. Okay. You're not an expert in forming concrete using mold techniques, correct?**
>
> A. No.

Dkt. 189, Ex. B, Evans Deposition, 52:21-53:3. Without a doubt, Ms. Evans is not a POSITA nor an expert in the relevant field.

Second, EPP suggests Ms. Evans' patent law credentials automatically qualify her as a POSITA. Dkt. 209, p. 5-6 (citing, inter alia, *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002) for the proposition that "patent examiners are deemed to have experience in the field of the invention"). However, Ms. Evans' experience as a patent examiner was completely unrelated to the technology in dispute:

> **Q. Okay. When you were working at the patent office, did you -- was -- did any of your duties include work in the field of erosion prevention or cement block manufacture?**
>
> A. No.
>
> **Q. Nothing like that at all?**

> A. No. At the patent office I worked as a patent examiner in Tech Center 2800, which is the electrical art, and there, as an examiner, I examined time measuring devices and press -- printing systems.

Dkt. 189, Ex. B, 52:21-53:3. Thus, Ms. Evans' technical experience as a patent examiner is irrelevant.

In the *Sundance v. Demonte Fabricating* case cited by EPP, the Federal Circuit expressly held that a "patent law expert without any technical expertise" cannot testify on patent validity issues because doing so "amounts to nothing more that advocacy from the witness stand." 550 F.3d at 1364-65. EPP's citations to case law and other authority outside the context of patent cases is, at best, unpersuasive. EPP's offer of Ms. Evans as a validity expert is squarely on the facts of *Sundance*, and, as with that case, it would be an abuse of discretion to allow her to testify on patent validity issues.

Third, EPP incorrectly asserts that the extent of Ms. Evans' experience in the field goes to the weight of her testimony, not admissibility. Dkt. 209, p. 6-7. On this argument, the *Sundance* case is again instructive. In *Sundance*, the defendant argued that the expert's qualifications "'would go more to the weight to be given his testimony,'" and the district court then improperly allowed the testimony. 550 F.3d at 1360-61. The Federal Circuit was unequivocal in its holding that technical qualification goes to admissibility, not weight:

> We hold that it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art. Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702.

*Id.* at 1363. In sum, Ms. Evans cannot offer expert testimony from the perspective of a POSITA, which is required for admitting expert testimony regarding patent validity. *Id.*; *Kyocera Senco Indus. Tools Inc. v. ITC*, 22 F.4th 1369, 1376-77 (Fed. Cir. 2022).

### B. <u>Ms. Evans' Methodology is Unreliable</u>

The Evans *Daubert* Motion provides examples of Ms. Evans' flawed methodology. For example, Ms. Evans is unable to determine whether holes in prior art revetment blocks are "the same" or "not the same"—actual limitations required in the asserted patent claims. Dkt. 189, p. 4-5. As another example, Ms. Evans cannot even testify how a prior art revetment block might be made. *Id.* at p. 5. In fact, Ms. Evans does not have an opinion as to the level of skill of a POSITA, a required determination in any obviousness analysis. *Id.* at p. 3 n.1; *Graham v. John Deere Co.*, 383 U.S. 1, 17-18, (1966) (obviousness issue requires determining, inter alia, level of ordinary skill).

In response, EPP offers little more than vague hand waves and generalizations, such as that Ms. Evans "applied her experience as a former patent examiner to analyze the Paveloc and TLC expert report under the obviousness assessment guidelines provided by the USPTO." Dkt. 209, p. 8. However, EPP fails to make any showing that Ms. Evans can apply the obviousness methodology required of this Court under the Supreme Court's *Graham* case and subsequent interpreting decisions.

Ms. Evans' inability to compare disputed claim terms to the prior art or even articulate the applicable level of ordinary skill demonstrates her improper methodology. Specifically, Ms. Evans fails to determine the following requirements of any obviousness analysis: the scope and content of the prior art, the differences between the prior art and the claimed invention, and the level of ordinary skill at the time the invention was made. *Graham*, 383 U.S. at 17-18 (setting forth factual issue underlying obviousness inquiry). And, as already demonstrated, Ms. Evans is not a POSITA. Her testimony on validity issues is therefore inadmissible under Rule 702.

## III. CONCLUSION

Based on the foregoing reasons, Paveloc and TLC respectfully ask the Court to grant the Evans *Daubert* Motion and exclude Ms. Evans' opinions and testimony regarding validity of the asserted claims of the '435 Patent.

Dated: December 16, 2022

Respectfully submitted,

Patterson + Sheridan LLP

By: */s/ Craig V. Depew*

B. Todd Patterson
Attorney In Charge
Texas Bar No. 00783605
SDTX Fed. ID. No. 17583
tpatterson@pattersonsheridan.com

Craig V. Depew
Texas Bar No. 05655820
SDTX Fed. ID. No. 10341
cdepew@pattersonsheridan.com

John A. Yates
Texas Bar No. 24056569
SDTX Fed. ID No. 1086753
jyates@pattersonsheridan.com

Kyrie K. Cameron
Texas Bar No. 24097450
SDTX Fed. ID No. 3528921
kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar. No. 24092431
SDTX Fed. ID No. 3607002
egonzalez@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77046

(Tel.): 713-623-4844
(Fax): 713-623-4846

*Attorneys for Plaintiff,*
*Pave/Lock/Plus II, LLC*

*/s/Barry A. Moscowitz (with permission)*
Barry A. Moscowitz, Attorney-In-Charge
State Bar No. 24004830
Southern District Bar No. 31054
Todd C. Donohue
State Bar No. 24026808
Southern District Bar No. 1097836
Benjamin Hunt
State Bar No. 24127307
Southern District Bar No. 3778736

THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: bmoscowitz@thompsoncoe.com
E-mail: tdonohue@thompsoncoe.com
E-mail: bhunt@thompsoncoe.com

ATTORNEYS FOR THIRD-PARTY DEFENDANT TLC TRUCKING & CONTRACTING, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2022, I caused the foregoing to be electronically served to all counsel of record.

*/s/ Craig V. Depew*
Craig Depew