**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| EROSION PREVENTION PRODUCTS LLC,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>PAVE/LOCK/PLUS II, LLC,<br><br>*Defendant/Counter-Plaintiff,*<br><br>v.<br><br>TLC TRUCKING & CONTRACTING, LLC,<br><br>*Third-Party Defendant.* | Civil Action No. 4:20-cv-03557-ASH-FHS<br><br>JURY TRIAL DEMANDED |

# EROSION PREVENTION PRODUCTS LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS PAVE/LOCK/PLUS II, LLC AND TLC TRUCKING & CONTRACTING LLC'S *DAUBERT* MOTION TO EXCLUDE THE INVALIDITY OPINIONS AND TESTIMONY OF ANDREA H. EVANS[1]

[1] This Motion's style and heading reflects the docket style at the time of the Sur-Reply, which was updated by the Order on December 19, 2022 [Dkt. No. 224], after the original motion for summary judgment was filed on November 4, 2022 [Dkt. No. 185]. Therefore, the parties are not listed in the same posture as the earlier motion, response [Dkt. No. 211], and reply [Dkt. No. 219].

Plaintiff Erosion Prevention Products LLC ("EPP") files this sur-reply in opposition to Defendant Pave/Lock/Plus II, LLC ("Paveloc") and Third-Party Defendant TLC Trucking & Contracting LLC's ("TLC") *Daubert* Motion to Exclude the Invalidity Opinions and Testimony of Andrea H. Evans, Dkt. No. 189, and would respectfully show the Court as follows:

## I. ARGUMENT

### A. Evans Is Easily a Person Of Ordinary Skill In The Art

A patent attorney with the appropriate educational background and experience in the pertinent art may serve as an expert on the issue of invalidity. Despite Paveloc and TLC's arguments to the contrary, Evans is easily a person of ordinary skill in the art. Evans has both the educational and professional background to permit her to provide opinions and testimony rebutting the opinions of Paveloc and TLC's expert. Evans squarely falls within the definition of a person of ordinary skill in the art, according to expert Douglas Deem. *See* Deem Dep., Ex. 4, at 56:7–16, *in* Paveloc and TLC's MSJ, at 343 [Dkt. No. 185].

As noted in EPP's Response, Evans has a civil and environmental engineering degree, which is the educational background most relevant to the technology at issue here. Indeed, Evans confirmed that she studied the relevant technology while in college. *See, e.g.*, Evans Dep. 14:11–15 ("Q: When I say 'the technology at issue in this case,' do you understand that I'm referring, generally, to erosion prevention technology or cement blocks? A. Yes. So I've actually learned a lot about that at Georgia Tech as a civil engineering student."). Moreover, Evans worked with revetment blocks and on erosion-prevention projects. *See, e.g.*, Evans Dep. 16:11–15 ("Q: Okay. What about outside of college studies, have you done any work in connection with cement blocks or erosion tech prevention outside of your? A. Actually, yes, I did. I actually worked at an engineering company in between my summer of graduating from Georgia Tech and starting George Washington Law School.").

Paveloc and TLC rely on *Sundance*, which is easily distinguished from the case before this Court. The expert in *Sundance* did not have ***any*** relevant educational background and did not have ***any*** experience in the pertinent art.

Here, the combination of Evans's educational background and work experience as a civil engineer and patent examiner easily qualifies her as a rebuttal expert and, importantly, makes her eminently more qualified than the expert excluded in *Sundance*.

Still further, Evans is not being asked to provide technical opinions here. Instead, Evans is being proffered to rebut the obviousness "analysis" offered by Paveloc and TLC's expert, including how that analysis comports with the USPTO standards, which based on her education and professional background she is certainly qualified to do as a civil engineer and former patent examiner. *See Talarico v. Marathon Shoe Co.*, 182 F.Supp.2d 102, 113–14 (D. Me. 2002) (allowing a former patent examiner to provide legal conclusions because those conclusions "help[] to articulate Marathon's defense"). In view of the foregoing, the Court should deny Paveloc and TLC's Motion in its entirety.

**B. Evans's Methodologies Are Unquestionably Acceptable And Reliable.**

Evans applied easily acceptable and reliable methodologies in rebutting the opinions of obviousness contained in Bullock's declaration. The preliminary assessment in determining the admissibility of expert opinions is whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmas., Inc.*, 509 U.S. 579, 593 (1993).

The answer to this threshold inquiry here is a resounding yes. Evans used her experience as a former civil engineer and patent examiner to opine that Bullock "made a lot of blanket statements with no support to justify that it would be obvious to combine these references or to make the statements that he's making." Evans Dep. 20:11–14. Moreover, Evans used her

experience as a former patent examiner to determine a "patent examiner [in this case] did their job" and that "the examiner is correct in saying that the patent at issue is valid and should be a patent." Evans Dep. 24:20–21, 25:4–6. These determinations are readily applicable to the facts at issue in this case. At a minimum, Evans's rebuttal opinion assists the Court in highlighting the demonstrable lack of analysis Bullock displayed in rendering his obviousness conclusions.

Additionally, as a rebuttal expert, Evans can offer independent critiques of the methodologies and assumptions of an opposing expert. *See, e.g.*, *TCL Comm'cns. Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 7042085, at *5 (C.D. Cal. Aug. 17, 2016). Here, Evans's affirmation of the patent examiner's performance when granting the '435 Patent is readily applicable to the facts, specifically whether the '435 Patent is valid. In short, Evans applied accepted and reliable methodologies in rebutting the opinions offered by Bullock. Accordingly, Paveloc and TLC's motion should be denied.

## II. CONCLUSION

For all of the reasons set forth above and in EPP's Response, the Court should deny Paveloc and TLC's motion in its entirety.

Dated: December 23, 2022

Respectfully submitted,

By: /s/ *Steven N. Williams*
Steven N. Williams
Texas State Bar No. 21577625
swilliams@munsch.com
Winston O. Huff
Texas State Bar No. 24068745
whuff@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

Robert Hancock
Texas State Bar No. 24036719
rhancock@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
700 Milam Street, Suite 800
Houston, TX
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

**ATTORNEYS FOR EROSION PREVENTION PRODUCTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service through the Court's ECF filing system are being served with a true and correct copy of the foregoing document, via electronic mail on December 23, 2022.

/s/ *Winston O. Huff*
Winston O. Huff