**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| EROSION PREVENTION PRODUCTS LLC,<br>Plaintiff, | No. 4:20-cv-03557-ASH-FHS |
| v. | |
| PAVE/LOCK/PLUS II, LLC, | **JURY TRIAL DEMANDED** |
| Defendant, | |
| and | |
| TLC TRUCKING & CONTRACTING, LLC d/b/a TLC CONSTRUCTION CONTRACT SERVICES,<br>Third Party Defendant. | |

**PAVE/LOCK/PLUS II, LLC'S AND TLC TRUCKING CONTRACTING, LLC'S OPPOSED MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF ANDREA H. EVANS, ESQ.**

## I. INTRODUCTION

Defendant Pave/Lock/Plus II ("Paveloc") and Third-Party Defendant TLC Trucking & Contracting, LLC d/b/a TLC Construction Contract Services ("TLC," and collectively with Paveloc, "Defendants") file this Motion to Strike the Supplemental Expert Report of Andrea H. Evans, Esq. ("Evans Supplemental Report") served by Plaintiff Erosion Prevention Products LLC ("Plaintiff") on September 13, 2024. Exh. A. The Court has already ruled that Ms. Evans is not a person of ordinary skill in the art (Dkt. 257).

## II. STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

Whether, less than one month before the Pretrial Conference, Plaintiff should be allowed to offer a new report of Andrea Evans offering essentially the same opinions she previously offered, two weeks after the Court has already found a similar report offered by Plaintiff to be untimely and lacking good cause (Dkt. 264), but now under the guise of yet another perspective and nearly eight months after the Court determined Ms. Evans was unqualified (Dkt. 257).

## III. SUMMARY OF THE ARGUMENT

The Evans Supplemental Report should be struck at least because:

1. This Court recently denied a similar attempt by Plaintiff to supplement its expert disclosures on invalidity as untimely and without good cause;
2. This Court has already determined that Ms. Evans is unqualified to offer expert opinions regarding prior art invalidity; and
3. The Evans Supplemental Report offers the same opinions as before, except that such opinions are now just re-framed as that of a hypothetical "patent examiner."

## IV. ARGUMENT

Less than a month before trial and with its validity case in dire straits Plaintiff served the Evans Supplemental Report on Defendants on September 13, 2024—in an attempt to unilaterally circumvent the Court's prior order well after the expert deadline. This is Plaintiff's third attempt to bypass this Court's applicable Scheduling Order with respect to experts. Plaintiff was required to designate experts and provide reports on or before September 19, 2022 and responsive experts on or before October 4, 2022. Dkts. 165 and 171. The Court struck the untimely report of Plaintiff's damages expert, W. Dave Douglass, with respect to patent damages against TLC (Dkt. 237). The Court granted Paveloc's *Daubert* motion with respect to Ms. Evans' prior art invalidity opinions on January 22, 2024. Dkt. 257. Seven months later, the Court denied Plaintiff's Motion to Substitute Douglas Deem in place of Andrea Evans, finding no good cause for the untimely substitution. Dkt. 264

At minimum, Plaintiff's burden is to show good cause for its failure to comply with the expert deadline.[1] Here, taking yet another bite at the same apple, Plaintiff cannot do so. There are no new facts or changed circumstances that would justify allowing Plaintiff to offer at trial the opinions offered in the Evans Supplemental Report. Accordingly, it should be struck.

Even if the procedural untimeliness issue was not dispositive (which it is), the Evans Supplemental Report substantively offers nothing more than Ms. Evans's previously-offered prior art invalidity opinions—the same opinions the Court found that Ms. Evans was not qualified to present.

---

[1] The Federal Rules provide for such relief from a Court order for good cause on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

The only difference here: Ms. Evans now attempts to cloak her substantive prior art opinions as those of a hypothetical "patent examiner." *Compare*, *e.g.*, Exh. A, p. 35 ("Because the combination of Dura-Mat or McAllister with Reagan does not teach or suggest the claimed invention, a patent examiner would conclude that Reagan is not prior art to the '435 patent"), *with* Dkt. 189-1, p. 33 ("Because the combination of Dura-Mat or McAllister with Reagan does not teach or suggest the claimed invention, the '435 patent is not invalid.").

Nothing in the Evans Supplemental Report, nor anywhere else in the record of this case, suggests that Ms. Evans can properly opine as to how a hypothetical patent examiner would apply Defendants' asserted prior art. Her substantive subject-matter experience at the USPTO was in Art Unit 2800, relating to "time-measuring devices, keyboards, and printing systems." Exh. A, p. 6. That subject matter has absolutely nothing to do with that of the '435 patent, which was assigned to Art Unit 3672, Class 405: "HYDRAULIC AND EARTH ENGINEERING." Ms. Evans' background and experience simply does not qualify her to offer substantive opinions regarding the prior art; the Court has already made that ruling. *See, e.g.,* Dkt. 257 ("...the Court finds that this is not enough to qualify her as a person of ordinary skill in the art relevant to the '435 Patent.").

Plaintiff's attempt to disregard the Court's unambiguous *Daubert* ruling should be struck.

## V. CONCLUSION

In sum, the reasoning and analysis applied by the Court in denying Plaintiff's Opposed Motion to Substitute (Dkt. 260, denied at Dkt. 264) are applicable here: Plaintiff cannot show good cause for supplementing now, and Defendants would be prejudiced if Plaintiff is allowed to supplement its expert disclosures at this stage. Furthermore, the substance of the Evans Supplemental Report completely disregards the Court's *Daubert* order finding that Ms. Evans is

not qualified to offer opinions on the technical subject matter at issue. The Motion should be granted and the untimely Evans Supplemental Report should be struck.

Additionally, because Plaintiff served the Evans Supplemental Report without good cause, and in contravention of the Court's *Daubert* ruling with respect to Ms. Evans, Defendants respectfully request an order awarding Defendants' reasonable attorneys' fees and costs incurred in connection with the circumstances necessitating this Motion.[2]

Dated: September 18, 2024

Respectfully submitted,

Patterson + Sheridan LLP

By: */s/ Craig V. Depew*
Craig V. Depew
Attorney In Charge
Texas Bar No. 05655820
SDTX Fed. ID. No. 10341
cdepew@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00783605
SDTX Fed. ID. No. 17583
tpatterson@pattersonsheridan.com

John A. Yates
Texas Bar No. 24056569
SDTX Fed. ID No. 1086753
jyates@pattersonsheridan.com

Kyrie K. Cameron
Texas Bar No. 24097450
SDTX Fed. ID No. 3528921
kcameron@pattersonsheridan.com

Aaron D. Perkins
Texas Bar No. 24048967
S.D. Texas Fed. ID No. 595655

[2] In the alternative, should the Court find that good cause (and excusable neglect) exists for the Evans Supplemental Expert Report, Defendants respectfully request appropriate relief. At a minimum, Defendants would request an opportunity to: 1) offer a rebuttal expert report regarding USPTO procedures, 2) depose Ms. Evans on the opinions offered in the Evans Supplemental Report, and 3) bring a second *Daubert* motion.

aperkins@pattersonsheridan.com

Archibald D. Cruz
Texas State Bar No. 24137564
S.D. Texas Fed. ID No. 3864259
acruz@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel.): 713-623-4844
(Fax): 713-623-4846

*Attorneys for Defendant,*
*Pave/Lock/Plus II, LLC*

*/s/ Barry A. Moscowitz (with permission)*

Barry A. Moscowitz, Attorney-In-Charge
State Bar No. 24004830
Southern District Bar No. 31054
Todd C. Donohue
State Bar No. 24026808
Southern District Bar No. 1097836
Benjamin Hunt
State Bar No. 24127307
Southern District Bar No. 3778736

THOMPSON, COE, COUSINS &
IRONS, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: bmoscowitz@thompsoncoe.com
E-mail: tdonohue@thompsoncoe.com
E-mail: bhunt@thompsoncoe.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANT TLC TRUCKING &
CONTRACTING, LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 16 and again on September 17, 2024, Kyrie Cameron, counsel for Defendant Paveloc, and Winston Huff, counsel for Plaintiff EPP conferred via telephone regarding the issues raised in the present motion. No agreement could be reached, and the present motion is opposed.

/s/Kyrie Cameron
Kyrie Cameron

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, the foregoing was filed electronically in compliance with Local Rule LR5 and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Craig V. Depew*
Craig V. Depew