IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EROSION PREVENTION PRODUCTS LLC<br>*Plaintiff*,<br><br>vs.<br><br>PAVE/LOCK/PLUS II, LLC,<br>*Defendant*,<br><br>and<br><br>TLC TRUCKING & CONTRACTING, LLC D/B/A TLC CONSTRUCTION CONTRACT SERVICES,<br><br>*Third-Party Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:20-cv-3557<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF ANDREA H. EVANS, ESQ.**

Plaintiff Erosion Prevention Products LLC ("EPP") files this Response to Defendants Pave/Lock/Plus II, LLC ("Paveloc") and TLC Trucking & Contracting, LLC d/b/a TLC Construction Contract Services ("TLC's", and collectively, "the Defendants'") Motion to Strike ("Motion," ECF No. 266) the Supplemental Expert Report ("Supplemental Report") of Andrea H. Evans, Esq. ("Evans").

## I. INTRODUCTION

Defendants argue Evans's Supplemental Report should be struck for three reasons: (1) the Court denied EPP the opportunity to substitute another expert, Douglas Deem ("Deem"), as untimely; (2) the Court previously determined Evans was unqualified to opine on invalidity (which she expressly does not do in her Supplemental Report); and (3) the Supplemental Report expands on her same opinions as before from the opinion of a patent examiner (which the Court expressly said she was qualified to do, *see* Jan. 23, 2024 Order, at 8 n.2, ECF No. 8: "Evans might be qualified to discuss the patent process and/or related subjects. This order should not be interpreted as excluding that type of evidence."). *See* Mot. 1–3. Defendants argue EPP is required to show good cause to supplement an expert report. *Id*. at 2. However, they lack any legal authority in their Motion to support such an argument that a party must show good cause to supplement a report when it does not enlarge the scope of the expert's original report or introduce a new opinion and, in this case, is harmless. *See id*. Accordingly, the Court should deny Defendants' Motion.

## II. ARGUMENTS

### a. Evans's Supplemental Report was timely under Rule 26(e)(2).

Federal Rule of Civil Procedure 26(e)(2) provides for the supplementation of expert reports as follows:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed **by the time the party's pretrial disclosures under Rule 26(a)(3) are due**.

*Energy Intell. Grp. Inc. v. Kirby Inland Marine LP*, No. 4:19-cv-03520, 2021 WL 12094474, at *2 (S.D. Tex. Dec. 2, 2021) (quoting Fed. R. Civ. P. 26(e)(2)) (emphasis added).

The Court resolved this issue in a similar case, *Tubular Rollers*, and for the same reasons should come to the same conclusion here. *See Tubular Rollers, LLC v. Maximus Oilfield Prods., LLC*, 2021 WL 5991758, at *2 (S.D. Tex. Dec. 16, 2021) (Hanen, J.). In *Tubular Rollers*, the Court recognized that "Rule 26(e) only permits a party to supplement an expert report to cure material errors or omissions." *Id.* at *2 (citation and internal quotation marks omitted). "It is not designed to allow a party to avoid disclosure deadlines." *Id*. The Court further observed that the Fifth Circuit has recognized that supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Id*. (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)).

Applying the established law, the Court concluded the supplemental expert report in *Tubular Rollers* was permissible. *See id.* The defendants there moved to strike the plaintiffs' disclosure of its expert's supplemental report in part because the plaintiffs disclosed the supplemental report well after the expert report deadlines and before the pretrial filing deadline under Rule 26(e). *See id.* at 1. As in the case at bar, the defendants argued the late disclosure was an attempt to extend the disclosure deadline. *See id.* However, the plaintiffs noted some discovery changes occurred from the last expert report. *See id.* at 2. Therefore, the supplemental report was for completeness to address those changes. *See id.* This Court determined the supplemental report

should not be struck because it only expanded the expert's earlier reasoning. *See id.* The Court found the supplemental report reached the same conclusions in the same format. *See id.* Therefore, expanding its earlier reasoning alone would not prejudice the defendant.[1] *See id.* The same is true in this case. *See id.*

Evans Supplemental Report was disclosed by the time the party's pretrial disclosures were due. Like in *Tubular Rollers*, the Supplemental Report was filed for the purposes of completeness and clarity since many court orders regarding discovery and EPP's claims have taken place since her prior report. Evans's Supplemental Report follows the same format and reaches the same conclusions as the initial report. *See id.* It does expand on the reasoning, as a patent-process expert, instead of an invalidity expert, but the expansion will not prejudice Defendants—nor have they shown how it might in their Motion, other than offering a conclusory statement it would. *See id.*; *see also* Mot. 3 ("Defendants would be prejudiced," with no further explanation of how). Accordingly, as it did in *Tubular Rollers*, the Court should deny Defendants' Motion. *See* 2021 WL 5991758, at *2.

**b. The Court denied Deem's substitution because it was untimely and without good cause.**

As explained by Defendants in their Motion, the Court denied Deem's substitution for Evans because Deem's disclosure was untimely and EPP did not show good cause to substitute Deem. This has nothing to do with the supplementation of another expert's report. And

[1] The Court did order the plaintiffs to make their expert available to the defendants for a second deposition not to exceed two hours and gave the defendants leave to amend their expert's rebuttal report. *See Tubular Rollers*, 2021 WL 5991758, at *2. In this case, while EPP thinks the Supplemental Report is not prejudicial in any way, EPP would agree to make Evans available for a second two-hour deposition for Defendants, coordinate and pay for such second deposition, and pay any reasonable expenses for Defendants to amend their expert report with this short notice.

Defendants offered no legal authority to support this Court's ruling of one expert's supplemental report based on the denial of another expert's untimely disclosure.

**c. Evans's Supplemental Report discusses the prosecution of the patent, expressly allowed by the Court, and does not opine on invalidity.**

Defendants argue Evans cloaks her prior art opinions as those of a hypothetical patent examiner. Mot 3. Yet, Evans opines on what a patent examiner would do during the patent prosecution process. Evans never opines on the validity or obviousness of the patent-at-issue. Evans cannot because the Court determined she is not an invalidity expert, but a patent-process expert. *See* Jan. 23, 2024 Order, at 6–8. Therefore, Evans can discuss what a patent examiner might do with information during the patent prosecution process, *see id.* at 8 n.2, and Defendants are free to cross examine Evans on the fact that she's not an invalidity or obviousness expert because she lacks experience in erosion control or revetment technology. *See, e.g.*, *McCray v. Maersk Line Ltd.*, 2024 WL 4008194, at *5 (S.D. Tex. Aug. 29, 2024) ("Defendant remains free to challenge [plaintiff's expert] on his lack of engineering knowledge on cross examination.").

**d. Evans's Supplemental Report is harmless and, if anything, provides Defendants with a clarified roadmap of Evans's allowed testimony.**

EPP could have chosen simply to wait until trial to ask questions related to all of these issues without giving Defendants any prior notice because Evans is a patent-process expert and provided similar opinions, but less expansively, in her earlier report and testimony. Indeed, Defendants as much argue that in their Motion, although they couch every opinion of hers as strictly an invalidity opinion. *See* Mot. 2–3. There is not one opinion that is new, not rebutted by one of Defendants' experts, or requires additional testimony—nor did Defendants identify any opinions and argue as such in their Motion. *See generally id.* Indeed, Defendants now ask the Court to strike Evans as an expert in the patent process, too. But the deadline for a *Daubert* motion

has passed, and Defendants cannot show, and have not shown, good cause to be able to reopen expert motion practice. Moreover, the Court has already assessed Evans has experience as a patent examiner and determined she can opine on the patent process and related subjects. *See* Jan. 23, 2024 Order, at 7–8 & n.2. This is exactly what her Supplemental Report does.

## III. CONCLUSION

For the foregoing reasons, EPP respectfully asks this Court to deny Defendants' Motion and allow Evans to testify as a patent-process expert as determined by this Court earlier this year.

Dated: October 5, 2024

Respectfully Submitted,

*/s/ Steven N. Williams*
Steven N. Williams
Texas State Bar No. 21577625
swilliams@munsch.com
Winston O. Huff
Texas State Bar No. 24068745
whuff@munsch.com
Blake Glatstein
Texas Bar No. 24123295
bglatstein@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

Robert Hancock
Texas Bar No. 24036719
rhancock@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, TX 77002

**ATTORNEYS FOR EROSION PREVENTION PRODUCTS LLC**

## CERTIFICATE OF SERVICE

I certify on October 5, 2024, a true and correct copy of the foregoing motion was served via the Court's electronic filing system to all counsel of record:

*/s/ Steven N. Williams*
Steven N. Williams